# Richmond

## S. A. LUCK AND S. A. LUCK, JR., ETC. v. WARREN G. RICE AND HOWARD JETER.

March 13, 1944.

Record No. 2757.

Present, Campbell, C. J., and Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*Denny, Valentine & Davenport* and *Bernard Mahon,* for the plaintiffs in error.

*George B. White,* for the defendants in error.

CAMPBELL, C. J., delivered the opinion of the court.

Warren G. Rice brought an action of trespass on the case against Howard Jeter and S. A. Luck and S. A. Luck, Jr., trading as S. A. Luck & Son, to recover damages for injuries

sustained as the result of a collision between an automobile driven by him and a truck driven by Jeter. A trial by a jury resulted in a verdict in favor of the plaintiff against the three defendants. This action was affirmed by the court.

Upon the petition of S. A. Luck and S. A. Luck, Jr., a writ of error was awarded.

No request for a reversal of the judgment is made by Jeter, whose negligence is conclusively shown by the evidence. The dominant question to be considered is whether the negligence of the driver of the Luck truck, in stopping in front of Jeter's truck on the paved portion of the highway, without giving a signal of any kind of his intention so to do, was a proximate or concurring cause of the accident.

The collision occurred on Highway No. 2 in Hanover county, just north of the entrance to Courtland farm and just south of the bridge across Mechump's creek. This bridge is forty-two feet in length and the distance from the south edge of the bridge to the center of the entrance road to Courtland farm is eighty-one feet.

The paved surface of Highway No. 2 is approximately twenty feet in width. Beginning south of the bridge, the shoulder of the west side of the road south of the bridge is approximately six feet in width. About two hundred and fifty feet north of the bridge the shoulder on the west side of the highway is about twenty feet in width and is practically level.

The collision in question occurred between eight and nine o'clock a. m. on November 3, 1941. The weather was bright and clear and the road was smooth and dry.

The plaintiff was driving a station wagon north on Highway No. 2 and the defendant Luck, through his agent, was operating a truck, with a wooden house on it, south on the said highway. The defendant, Jeter, was driving a Chevrolet truck south on said highway behind the Luck truck, following at a distance of approximately sixty-seven feet and was traveling at a speed of from thirty to thirty-five miles per hour.

The Luck truck had passed the truck operated by Jeter about one mile north of the point of collision and it is apparent from the fact that Jeter continued to follow the Luck truck at a distance of about sixty-seven feet that his truck was traveling at approximately the same speed as that at which the Luck truck was being operated.

The plaintiff, traveling in the opposite direction, was moving at a speed of fifty miles per hour which was a lawful speed at that time and place.

When the Luck truck approached the Courtland entrance, without any signal to indicate the intention of the driver so to do, he stopped the truck on the southbound portion of the pavement. At the time he did so the plaintiff, approaching from the south, traveling north on his side of the road, was approximately thirty-five feet to the south of the Luck truck.

The verdict of the jury has settled all conflicts in the evidence in favor of the plaintiff, and since there were no objections interposed to the instructions given the jury, the plaintiff comes to this court with his position fortified by the verdict of the jury stamped with the approval of the trial court. Hence, the conclusion to be reached must be based upon the case presented by the evidence of the plaintiff.

It is the contention of defendant, Luck, that there are no facts in evidence which show that the negligence of the agent of Luck was a proximate cause of the accident.

The evidence shows that plaintiff was traveling at a lawful rate of speed, on the right hand side of the highway as he approached the Luck truck; that when approximately thirty-five feet distant from the Luck truck, the driver thereof brought the truck to a sudden stop on the southbound portion of the paved highway; that this stop, which was for the purpose of picking up an employee of Luck, was effected without any indication by the driver that he was stopping the truck; that as the truck stopped, Jeter pulled out from behind the truck over the center line of the highway, causing the plaintiff to pull off of the highway

onto the shoulder, and that while in this situation, his vehicle was struck by the truck of Jeter, causing it to turn over.

It is further shown by the evidence that for a distance of approximately a mile and a half after the Luck truck passed the Jeter truck, Jeter followed behind at an estimated distance of sixty-seven feet; that at no time was the rear view of the driver of the Luck truck obscured; that from the time he passed the Jeter truck, Day, the driver of the Luck truck "never looked in the mirror to see if anything was following;" that he only looked in the mirror about the time he stopped.

There is no claim whatever upon the part of Day that any signals were given by him to indicate that he intended to bring the truck to a stop.

Section 2154(122) of Michie's Code, Acts 1934, page 400, provides:

"Every driver who intends to start, stop, or turn, or partly turn from a direct line, shall first see that such movement can be made in safety and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section, plainly visible to the driver of such other vehicle of his intention to make such movement."

It is a settled rule of law that: "When one vehicle is following another along a public highway, the duties of the drivers of the respective vehicles are reciprocal and the duties which each owes to the other are governed, to a large extent, by the circumstances of the particular case." 42 C. J. 948.

In the case at bar the driver of the Luck truck knew, or could have known had he glanced behind him one time, that the Jeter truck was in close proximity. This precaution he failed to take before bringing his truck to a sudden stop.

In *Roanoke Ry., etc., Co.* v. *Whitner,* 173 Va. 253, 259, 3 S. E. (2d) 169, Mr. Justice Holt said: "It is actionable negligence when an automobile, without more, stops suddenly in front of another closely following."

While it is true that Jeter was following the Luck truck closer than he had a legal right to do, nevertheless, he had the right·to rely on the legal presumption that Day would comply with the provisions of the statute. Day observed the approach of the plaintiff for a distance of several hundred feet. Jeter was not in a similar situation, as his vision was obscured by the house built upon the Luck truck. In this situation, when the Luck truck came to a sudden stop, Jeter had to decide whether to run into the bank on his right, hit the truck in front of him or veer to the left.

Under all the circumstances shown by the oral and circumstantial evidence, we are unable to say as a matter of law that the negligence of Jeter was an independent intervening cause that was the sole proximate cause of the accident and thus absolve the Lucks from liability.

The question of negligence was a question of fact and, therefore, it was the province of the jury to determine the same. By their verdict, the jury found that Day, the agent, and Jeter were guilty of concurring negligence which caused the accident.

In *Lovenstein* v. *Maile*, 146 Va. 789, 132 S. E. 844, this language originating in 29 Cyc. p. 487 is approved:

"If the concurrent negligence of two or more persons combined together results in an injury to a third person he may recover from either or all. And in determining the liability of either of two persons whose concurrent negligence results in an injury, the comparative degrees of negligence are not to be considered, each being liable for the whole even though the other was equally culpable, or contributed in a greater degree to the injury, or the proportion in which the negligence of each contributed to the injury, or the degrees of care used, is not to be considered. And where the negligent conduct of several at the same time and place combined in causing the injury, they acting in concert, all are liable, although they did not conduct themselves negligently by preconcert. * * ." See *Starcher* v. *South Penn Oil Co.*, 81 W. Va. 587, 606, 95 S. E. 28, 35.

There is no error in the judgment of the trial court and it will be affirmed.

*Affirmed.*