W. H. WALLINGFORD AND HARRY OLIVER COOPER v. KATHERINE KARNES.

January 26, 1953.

Record No. 4010.

Present, All the Justices.

The opinion states the case.

*Crockett & Gillespie,* for plaintiffs in error.

*Smith & Peery,* for defendant in error.

SMITH, J., delivered the opinion of the court.

The plaintiff, Katherine Karnes, recovered a verdict for $1,500 against the defendants, W. H. Wallingford and Harry Oliver Cooper, for personal injuries suffered as the result of an automobile-truck collision. To the judgment rendered on the verdict in favor of the plaintiff the defendants were awarded a writ of error and *supersedeas*.

The accident occurred at the intersection of Highways Nos. 61 and 678 near North Tazewell, Virginia, on February 6, 1951, about 1:00 p. m. The day was described as cold, dry, and windy.

Highway No. 61, a two-lane primary highway having a paved width of about 12 to 14 feet, runs east from North Tazewell for a short distance and then abruptly makes a 90 degree right turn to the south. At the elbow thus formed, Highway No. 678 (which runs east and west) effects a junction with Highway No. 61 in such fashion as to make a T, of which Highway No. 61 is the left arm and stem and Highway No. 678 the right arm.

The defendant, Cooper, was driving a 1948 ton and a half Chevrolet truck, which belonged to the co-defendant, Wallingford, and was hauling a load of coal. The truck was proceeding east on Highway No. 61, it being Cooper's intention to cross the T, enter Highway No. 678, and continue on his way directly east. This, of course, would necessitate his crossing the path of traffic on Highway No. 61 coming from the south.

The plaintiff was driving her husband's 1949 Ford coupe north on Highway No. 61 up the stem of the T, toward the intersection[1] in the lane across which Cooper was intending to pass. Just ahead of her was another car being driven by Mrs. Corbin Ramey.

Cooper testified that when he reached the intersection he slowed down for Mrs. Ramey to make the turn from the stem of the T onto the left arm of the T. He then "noticed this other car away on down over one hundred feet and [he] shot into third gear and started on through," as he thought he had plenty of time. A companion in the truck with Cooper called out, "She is going to hit." Cooper "stopped the truck, enough to skid the brakes, and then decided [he] might get out of her way and tried to go on." After the Ramey car had passed, Cooper said he had

[1] See Code 1950, § 46-1 (9) for the statutory definition of "intersection" as it is used in Title 46.

gone about two truck-lengths when his truck and plaintiff's car collided in the westbound lane of Highway No. 61. Cooper estimated his speed at 15 or 20 miles per hour when he reached the intersection; Mrs. Ramey thought it was between 25 and 30 miles per hour.

Katherine Karnes testified, in part, as follows: "I saw this truck coming, I don't know just what distance, and I was also watching the car that I was following, and after the truck didn't make any effort to slow down I presumed it was going to make the turn and stay on the highway [No. 61], and when I realized the truck was going straight I was too close to do anything about it. I was already in the curve of the intersection. The front wheel of the truck hit the fender and the bed rode over the front of our car, dragging us about thirty feet, and after the bed had already gotten over the hood of our car the truck went on twenty-five to thirty feet."

Mrs. Karnes estimated she was traveling about 10 or 15 miles per hour when she entered the intersection. She was asked on cross-examination, if she had applied her brakes. She replied, "No, sir. I put my foot on the brake, yes, when I saw we was going to hit, and just in—either in the collision—I took my foot off the brake or my foot slipped off the brake I don't know which."

There is also conflict in the testimony whether the truck hit the car or vice versa. Sheriff R. B. Thompson, who testified for the plaintiff, examined the vehicles after the accident and was of the opinion that the plaintiff's car had hit the truck, but he indicated that the same damage could have resulted if the truck had pulled directly across in front of the car.

Mrs. Ramey testified that she didn't see the collision, but that it happened close enough behind her to cause gravel or cinders to hit her car.

The defendants' assignment of error raises two main questions for decision: (1) Was the plaintiff guilty of contributory negligence as a matter of law? (2) Is Code 1950, § 46-222(2) applicable to the facts of the case?

The defendants contend that, notwithstanding the jury's verdict, the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law and that final judgment should be entered for them. Plaintiff's own evidence shows, say the defendants, that she entered the intersection after having

seen the truck and took no precautions to avoid hitting it, and acted solely on her presumption that the truck was going to make a right turn and continue south on Highway No. 61, when she should have known that it was going straight ahead.

If reasonable men may fairly differ as to whether the plaintiff exercised reasonable care and caution for her own safety, the question of contributory negligence is an issue to be determined by the jury. *New Bay Shore Corp.* v. *Lewis,* 193 Va. 400, 69 S. E. (2d) 320; *Steele* v. *Crocker,* 191 Va. 873, 62 S. E. (2d) 850; *Acme Markets* v. *Remschel,* 181 Va. 171, 24 S. E. (2d) 430.

Code 1950, § 46-238, provides that "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in § 46-240. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder." The reference to § 46-240 covers the situation where a vehicle enters a public highway from a private road or driveway. It is obvious that if the two vehicles approached or entered the intersection at approximately the same time, and if Mrs. Karnes was not traveling at an unlawful speed, she had the right of way over the truck.

The phrase "at approximately the same time," means that the determination of the question depends not upon a computation of time, but upon the determination of a fact by the jury. *Independent Cab Assn.* v. *Barksdale,* 177 Va. 587, 15 S. E. (2d) 112.

As a general proposition the driver of a vehicle who has the right of way is justified in assuming that the driver of a vehicle on his left will yield the right of way to him. However, this rule is subject to the qualification that the driver of the privileged vehicle has the duty to keep a reasonable lookout and otherwise exercise ordinary care to avoid a collision. *Hoffman* v. *Stuart,* 190 Va. 880, 59 S. E. (2d) 94; *Richmond Oil Equip. Co.* v. *W. T. Holt,* 189 Va. 334, 53 S. E. (2d) 11; *Remine and Meade* v. *Whited,* 180 Va. 1, 21 S. E. (2d) 743; *Stratton* v. *Bergman,* 169 Va. 249, 192 S. E. 813.

There is no evidence to indicate that the plaintiff was traveling at an unlawful speed, but there is evidence to justify the jury in finding that both vehicles entered the intersection at ap-

proximately the same time and that the plaintiff was keeping a reasonable lookout and otherwise exercised ordinary care to avoid the collision. Hence we cannot say that the plaintiff was guilty of contributory negligence as a matter of law. The question was properly left to the jury.

The remaining issue to be decided is raised by the defendants' contention that the trial court erred in granting plaintiff's Instruction No. 1 which is based on Code 1950, § 46-222(2), since this section is not applicable to the facts of this case.

Instruction No. 1 told the jury "that whenever any highway has been divided into clearly marked lanes of traffic that a vehicle shall be driven as nearly as is practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety. * * *"

The giving of Instruction No. 1 was error for two reasons:

(1) The plaintiff failed to introduce sufficient evidence tending to prove that Highway No. 61 was divided into clearly marked lanes for traffic on the day of the accident complained of.

(2) Section 46-222(2) does not apply to the facts of this case, because Cooper did not move from his lane when he proceeded straight ahead into the intersection intending to enter Highway No. 678. Upon entering the intersection there were two courses open to him; he could turn right and proceed south on Highway No. 61, or, continue straight ahead and enter Highway No. 678. In either event, he would be driving within a single lane and not moving from one lane to another of the same road which is the situation to which Sec. 46-222(2) was meant to apply.

The error in Instruction No. 1 alone is sufficient to require a reversal of the judgment of the trial court. But since the case must be retried, it seems appropriate to comment on the defendants' objection to plaintiff's Instruction No. 2. The defendants say this instruction is actually two instructions. The first part of the instruction, they say, covers the negligence of the defendant, Cooper, and does negative contributory negligence of the plaintiff, but the second part dealing with the liability of the co-defendant, Wallingford, does not negative contributory negligence of the plaintiff. Although the defendants' other instructions do seem to us to cover this theory of the case adequately, it is possible that the jury might have misunderstood this instruction and did not consider whether the plaintiff was

negligent in deciding whether Wallingford was liable. In any event, on a retrial of the case, the jury should be clearly instructed that if the plaintiff was negligent in a manner which caused or contributed to her injuries, this would relieve both refendants of liability.

None of the other questions raised by the defendants on this appeal requires our review since it will be necessary to reverse and remand the case for another trial.

*Reversed and remanded.*