## Richmond

RAY ERWIN SMITH v. HURLEY CARPENTER.

April 23, 1956.

Record No. 4500.

Present, All the Justices.

The opinion states the case.

*Preston P. Taylor (Taylor, Gustin & Harris* on brief), for the plaintiff in error.

*John S. Rixey (Rixey & Rixey* on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Carpenter secured a jury verdict against Smith for personal injuries resulting from an automobile accident. Smith's motion that the verdict be set aside on the ground that the evidence disclosed that Carpenter was guilty of contributory negligence as a matter of law was overruled and judgment entered on the verdict. To review the ruling we granted Smith a writ of error.

The sole question presented is: Was Carpenter guilty of contributory negligence as a matter of law?

The case involved a collision between two passenger vehicles. The accident occurred in the daytime, at the intersection of Sheppard and Helen streets in the city of Norfolk. Sheppard street runs east and west and Helen street runs north and south. Carpenter was driving his Chevrolet car east on Sheppard street and Smith was driving his Ford station wagon north on Helen street.

There were no traffic signs or controls at the intersection. The speed limit was 25 miles an hour. The ground was level and the intersection open, the vision of both drivers being unobstructed.

Carpenter testified that as he approached the intersection he was traveling at 15 miles per hour. When he reached a point about 50 feet from the intersection he saw Smith's station wagon approaching on Helen street approximately 150 feet south of the intersection. At the time he saw the station wagon it appeared to be traveling at a reasonable rate of speed. Thinking he had time to negotiate the intersection, he proceeded and undertook to cross. After entering the intersection he saw the on-coming station wagon for the second time and noted that it was bearing down upon him at a rapid rate of speed estimated at 50 miles per hour. His car was struck on the extreme rear end of the right side, just before it cleared the intersection. No other traffic was involved and there was ample room for the station wagon to pass to the rear of the Carpenter car.

Smith testified that he could not stop as the street was wet. However, Carpenter testified to the contrary, stating that at the time of the accident the street was dry and that no rain fell until after the accident. Carpenter further testified that he had not increased his speed (15 miles per hour) as he thought he had ample time to negotiate the intersection. Smith testified that he knew the speed limit was 25 miles per hour and that at the time of the accident he was traveling between 25 and 30 miles per hour. Each of the streets involved was approximately 18 to 20 feet in width.

In this jurisdiction the law is well settled to the effect that questions of negligence, contributory negligence, and proximate cause are ordinarily questions for the jury, and that if reasonable men may differ as to their conclusions on any such question then the jury is the proper tribunal to decide the issue. *Steele* v. *Crocker*, 191 Va. 873, 880, 62 S. E. 2d 850, 853.

Smith's negligence is conceded; the doctrine of contributory neg-

ligence implies negligence upon the part of the person causing the injury. *Yeary* v. *Holbrook*, 171 Va. 266, 288, 198 S. E. 441.

The jury was instructed that if it believed from the evidence that Carpenter was guilty of contributory negligence he could not recover, and the verdict absolved him from such negligence.

Both parties knew that they were in a 25-mile-per-hour zone; and under the circumstances Carpenter had a right reasonably to believe that he could negotiate the intersection in safety. He also had the right to assume, where nothing to the contrary appeared, that the defendant would obey the positive speed limitation. *Hardiman, et al.* v. *Dyson*, 194 Va. 116, 121, 72 S. E. 2d 361.

The law does not require a person to know that he is absolutely safe before taking a given course of action. He is only required to exercise ordinary care to avoid accidents—such care as a reasonably prudent person would exercise under the circumstances. *Norfolk & P. Co.* v. *Forrest*, 109 Va. 658, 668, 64 S. E. 1034, 1038.

Defendant relies upon our holdings in *Penose* v. *D. Pender Grocery Co.*, 177 Va. 245, 13 S. E. 2d 310, and *Perry* v. *Thompson*, 196 Va. 817, 86 S. E. 2d 35. A reading of these cases will disclose their factual differences from the instant case.

Had the defendant approached the intersection at a lawful speed plaintiff would not have been mistaken in thinking that he could cross in safety.

In our view the question of whether or not plaintiff was guilty of contributory negligence on this occasion presented a factual issue, and we measure the jury's favorable finding for the plaintiff by the aforementioned rule long adhered to by us that such issue falls within the province of the jury unless the evidence is such that there should be no difference in the judgment of reasonable men as to the proper inference to be drawn therefrom. *Hoover* v. *Neff & Son*, 183 Va. 56, 62, 63, 31 S. E. 2d 265, 268; *Rhoades* v. *Meadows*, 189 Va. 558, 561, 54 S. E. 2d 123, 124; *Clayton* v. *Taylor*, 193 Va. 555, 562, 69 S. E. 2d 424, 429.

For the foregoing reasons the judgment is

*Affirmed.*