# Richmond

S. W. SHELTON, JR. v. OSCAR T. DETAMORE, ET AL., ETC.

June 18, 1956.

Record No. 4527.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*Samuel W. Shelton*, for the plaintiff in error.

*Robert E. Taylor* (*Taylor & Deets*, on brief), for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This case followed upon a collision within an intersection in the city of Charlottesville between an automobile owned and operated

by the plaintiff, S. W. Shelton, Jr., and a truck owned by the defendant partnership and operated by Oscar T. Detamore, one of the partners.

The action was begun in the Civil and Police Justice Court, where Shelton recovered a judgment against Detamore for $416.29 for damage to his car. Detamore appealed, the partners were made defendants and filed a counterclaim for damage to the truck. A trial by jury resulted in a verdict and judgment in favor of the defendants for $545. We granted the plaintiff this writ of error.

The accident occurred in the intersection of Grady avenue and 14th street in the city. Grady avenue runs east and west and is a State designated and marked route through the city for U. S. Highway No. 250. It is 38 feet wide at the intersection. Fourteenth street enters Grady avenue from the south and ends a few feet north of the intersection. It is 24 feet wide at the intersection. The intersection was uncontrolled either by traffic light or sign, and immediately east of 14th street a hedge runs along the south side of Grady avenue high enough to obscure a vehicle approaching from the east on Grady from the view of a driver approaching from the south on 14th, and of course the view of a driver on Grady of a vehicle on 14th.

The collision happened about 7 p. m. on May 14, 1954. The sun set at 7:05 p. m. on that day. It had been raining and was drizzling at the time of the accident. The only material conflict in the evidence was as to visibility. Shelton testified that visibility was good for much more than three hundred feet. Detamore said it was poor and that an object could not be seen at a distance of three hundred feet. No other witness mentioned that subject.

Detamore was driving the truck north on 14th. Shelton, with a passenger beside him, was driving his car west in the right-hand lane of Grady. Both vehicles were running at about the same speed, twenty to twenty-five miles an hour. The front of the Shelton car struck the truck on the right side about the door and Detamore was thrown out. The place of collision was near the center line of 14th and two or three feet north of the center line of Grady. After the collision the car was headed west in the westbound lane of Grady, not far from the northwest corner of the intersection; and the truck was on the east side of 14th, a little north of the intersection. Two police officers of Charlottesville came to the scene after the accident and

testified as to the position of the vehicles. They did not give the time of their arrival but one said it was about dark.

The plaintiff Shelton was driving with parking lights on. He testified that when he was in the intersection suddenly he saw the truck crossing the intersection from his left at a speed about equal to his own; that he immediately applied his brakes but was too close to avoid the collision. He did not recall lights on the defendants' truck, but some of the cars in traffic were driving with headlights on and some with parking lights. His companion testified he did not see the truck until it was about twenty feet from the point of collision and that the speed of each vehicle was twenty to twenty-five miles an hour.

Detamore was the only witness for the defendants. He testified that he lived a few miles from Charlottesville and was familiar with the city; that he left home about 6 to 6:30 p. m. and turned on his headlights when he started; that he drove along 14th street heading north onto Grady; that when he approached Grady he thought he was approaching the intersection of Gordon avenue and 14th street; that he did not stop before entering Grady; that before entering he looked both ways, saw two cars, one going east which passed the intersection before he entered, and one going west about a block east of the intersection, both with headlights on; that he entered and proceeded across Grady in second gear and did not see the Shelton car until after the collision. He did not testify as to his speed across the intersection and did not question the testimony for the plaintiff that the two vehicles were traveling at about the same speed.

On this evidence, which is all there is in the record that is material, we think the conclusion is required that Detamore was guilty of contributory negligence as a matter of law.

Section 46-238 of the Code provides: "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, . . . " with exceptions not here applicable. Shelton was the driver of the vehicle on the right. Under the uncontradicted evidence the two vehicles approached the intersection and started across it at about the same speed, twenty to twenty-five miles an hour. There is no conflict on the point that they collided very near the center of the intersection. The Shelton car had traveled 19 feet in the intersection to the point of collision. The Detamore truck traveled 12 to 15 feet in the intersection to reach that point. Under the generally accepted rule, at twenty miles an hour each vehicle

would travel about thirty feet a second, and at twenty-five miles an hour about thirty-seven and one-half feet a second. *Cf. Hardiman v. Dyson,* 194 Va. 116, 119, 72 S. E. 2d 361, 363. It follows that when Detamore reached the intersection the Shelton car was either in the intersection or so close to it as to leave no question that the two vehicles approached the intersection at approximately the same time. Shelton, therefore, had the right of way.

Not only was it Detamore's duty in this situation to yield the right of way to the Shelton car, but the exercise of reasonable care required that he take into account the hedge on his right along the south side of Grady avenue which obstructed his view of traffic approaching on that street from the east and called for the exercise of care commensurate with the danger in entering the intersection. Yet, with entire disregard of the duty placed on him by statute, as well as his common law duty to exercise reasonable care under the circumstances, without stopping and at a speed of from twenty to twenty-five miles an hour, he drove from behind the hedge on into the intersection and in front of the Shelton car, which he admitted he never saw at all until after it struck his truck.

He testified, it is true, that before entering the intersection he looked both ways and saw two cars, as stated above. Where he was when he looked he did not say. One of the police officers testified without contradiction that the hedge was "immediately" east of 14th street and was high enough to obstruct Detamore's view of vehicles approaching the intersection from his right. Under the evidence his truck had to be in or close to the intersection before he could see to his right, and if before he entered he saw a car a block away on his right explanation was required as to why he did not see the Shelton car which was then so close to him.

He gave no explanation at all to the officers of his failure to see plaintiff's car, and none to the jury unless it could be inferred from his statement that visibility was poor and that an object could not be seen at a distance of three hundred feet. The evidence was, however, that it was not yet sunset when the accident happened and it cannot be fairly inferred from the evidence that in the daylight that remained the plaintiff's car was invisible and that he could not, by exercising reasonable care, have seen it as it approached only a few feet away from the intersection, with its parking lights on, to say nothing of the aid that would have been furnished by the two cars he testified about, one meeting and the other following the Shelton car, both with their

headlights on. He simply drove his truck from behind a hedge which blocked his view into an arterial street without stopping, at a speed of twenty to twenty-five miles an hour, and collided with a car which had the right of way and which was bound to have been visible to him had he looked.

In *City Cabs, Inc.* v. *Griffith*, 194 Va. 818, 75 S. E. 2d 487, a collision occurred on a rainy night within the intersection of Main street and Broad street, in Danville, under conditions similar to those here. There were no traffic signals or signs at the intersection. The defendant was driving north on Main. Plaintiff's cab was going east on Broad. Its driver stopped before entering the intersection but at a point where his view to the right was obstructed. He entered the intersection slowly and when he reached the center he looked to his right and saw the defendant's car just sixty feet away. The car struck the cab on its right-hand side. We held that as a matter of law the cab driver was guilty of contributory negligence because he did not give "a reasonable and sufficient explanation" of his failure to see the defendant's car, whereas the evidence showed that on a clear day he could have seen to his right for a distance of at least 370 feet.

It is our duty to set aside a verdict that is plainly wrong or without evidence to support it, even though it has been approved by the trial court. Code § 8-491; *Esso Standard Oil Co.* v. *Stewart*, 190 Va. 949, 59 S. E. 2d 67.

While the question of whether two vehicles approach or enter an intersection at approximately the same time depends upon the determination of a fact by the jury, *Wallingford and Cooper* v. *Karnes*, 194 Va. 648, 651, 74 S. E. 2d 161, 164, the jury's determination must be supported by and not contrary to the evidence. The evidence here showed a clear violation on the part of the driver of the truck which was at least a contributing cause of the accident and the verdict in favor of the defendants on their counterclaim was plainly wrong.

■ The plaintiff argues that Detamore's negligence was the sole proximate cause of the accident and that hence there should be a judgment here for plaintiff for his damages. That cannot be the result if there was sufficient evidence to support the finding of the jury that the plaintiff was guilty of negligence.

Section 46-275 of the Code provides: "If natural light is insufficient to enable the operator of a vehicle to discern an object at a distance of three hundred feet," then headlights shall be turned on. Admittedly plaintiff was driving with only parking lights on. Deta-

more testified, as stated, that at the time an object could not be seen at a distance of three hundred feet. The plaintiff testified to the contrary, but the jury had a right to believe Detamore and to believe further that Shelton's violation of this statute, which was negligence as a matter of law, was a contributing cause of the accident.

Also the fact that the plaintiff had the right of way did not relieve him of the duty to keep a lookout for cars entering the intersection from the side, and otherwise to use reasonable care to avoid a collision. *Remine and Meade* v. *Whited,* 180 Va. 1, 7, 21 S. E. 2d 743, 745; *Hoffman* v. *Stuart,* 190 Va. 880, 884-5, 59 S. E. 2d 94, 96; *Wallingford and Cooper* v. *Karnes, supra,* 194 Va. at 651, 74 S. E. 2d at 164.

The hedge along the south side of Grady avenue was an obstruction to plaintiff's view as it was to Detamore's view. He did not recall any headlights on the truck although they were on. He did not see the truck until it was crossing the intersection. The jury could conclude in the circumstances shown by the evidence that the plaintiff did not use reasonable care about keeping a lookout and avoiding the collision.

The plaintiff further contends that § 46-255 of the Code also applies to this case and made it the positive duty of Detamore to stop before entering Grady avenue. That section provides that a vehicle entering from the side of an improved highway which is part of the State Highway System shall stop. The defendants contend that Grady avenue is not a part of the State highway System so as to make this statute applicable to it. The court refused to instruct the jury that it was and the plaintiff also assigns error to that ruling. It is not necessary to decide that question in this case because of our conclusion that under the facts Detamore was required to yield the right of way by § 46-238; and if he was also required to stop by § 46-255, as to which we now express no opinion, that would not add to Detamore's negligence or remove the right of the jury to say that the plaintiff was also negligent.

For the reasons stated we affirm the judgment below in favor of the defendants on the plaintiff's claim and reverse the judgment below in favor of the defendants on their counterclaim, and will here enter final judgment accordingly.

*Reversed and final judgment.*