## Staunton

ANNA WHITE V. ROBERT CLAUDE GORE AND MERCHANTS GROCERY COMPANY, INC.

September 3, 1959.

Record No. 4975.

Present, All the Justices.

The opinion states the case.

*Robert Button* and *Joseph H. Stratton* (*Bickers, Button & Stratton*, on brief), for the plaintiff in error.

*Atwell W. Somerville* (*Somerville & Moore*, on brief), for the defendants in error.

I'ANSON, J., delivered the opinion of the court.

Anna White, hereinafter referred to as the plaintiff, brought this action for damages against Robert Claude Gore and Merchants Grocery Company, Inc., for personal injuries sustained while she was riding as a passenger in an automobile operated by her husband when it collided with a truck operated by Gore, agent and employee of

the Merchants Grocery Company, Inc. The jury returned a verdict for the defendants and from the judgment entered on the verdict we granted a writ of error.

The plaintiff contends in her assignments of error that: (1) The verdict was contrary to the law and the evidence; (2) The trial court erred by orally instructing the jury, in reply to a question by the foreman of the jury, that "Negligence is never presumed but must be proved," when in fact a violation of a statute in this case constituted negligence *per se;* and (3) The trial court refused a timely request of the plaintiff that the jury be further instructed that a violation of law may constitute negligence *per se* in order to correct the error complained of in plaintiff's assignment No. 2.

The undisputed facts disclose that the accident occurred in the town of Culpeper, Virginia, around noon time on June 21, 1956, near the intersection of Main and Stevens streets. Main street is also U. S. highway routes 15 and 29, is forty-six feet wide, and runs north and south. Stevens street is twenty-four feet wide, runs east from Main street and joins Main street at approximately right angles. The plaintiff and her husband entered their automobile, which was parked on the east side of Main street approximately ten feet south of the intersection of Stevens street, the husband getting in the driver's position and the plaintiff sitting on the front seat beside him. The husband drove the car from the parked position north along Main street across Stevens street, and when the front of his car had reached a point at least two feet beyond the north curb line of Stevens street, and approximately eight to ten feet east of the center line of Main street, it collided with a two and one-half ton truck driven by Gore which had been traveling south on Main street and was attempting to make a left turn, with its signal light blinking, into Stevens street. Both vehicles were damaged on their left front.

There was considerable traffic on Main street and cars were parked on the east side of Main street north of Stevens street at the time of the accident.

It was stipulated by counsel for the plaintiff and the defendants that the following occurred after the jury retired to consider its verdict and had deliberated for some time: The jury "returned to the courtroom and propounded questions to the court.

"Tom Franklin, Foreman, first asked that the court define the term 'proximate cause' which the court did without objections from any party.

"Foreman Franklin then asked the court whether, if a person violated the letter of the law, would negligence be presumed. Judge Bowles replied that negligence is never presumd but must be proved.

"Counsel for the plaintiff and defendants then approached the bench, with consent of Judge Bowles, and plaintiff's counsel asked that Judge Bowles tell the jury that violation of a traffic regulation is negligence *per se* * * *, if it was an efficient contributing cause to the accident * * *. The court stated to counsel that the jury had been fully instructed and declined to further instruct the jury. Thereupon plaintiff excepted to the court's ruling.

"Thereafter, the court stated to the jury that nothing he had said was intended to modify any of the written instructions previously given to the jury and that all the instructions given by the court were to be followed by the jury in arriving at their verdict."

The court gave five written instructions at the request of the plaintiff. They dealt with the burden of proof, elements and measure of damages, the duties of the defendant Gore to keep his truck under proper control, to keep a proper lookout, not to make a left turn unless it could be made in reasonable safety, not to cross the center line of Main street in making a left turn until after his truck had passed the intersection of the center lines of Main and Stevens streets, and if the defendant failed to exercise ordinary care in performing any one or all of these duties he was guilty of negligence, and if such negligence was a proximate or efficiently contributing cause of the accident the plaintiff would be entitled to recover a verdict against the defendants Gore and Merchants Grocery Company, Inc., even if they believed that the negligence of the plaintiff's husband was a proximate or efficient contributing cause of the accident.

Four instructions were given by the court at the request of the defendant. They dealt with the principles that the plaintiff is not entitled to recover if her injuries were the result of the negligence of the plaintiff's husband, if his negligence was the sole proximate cause of the accident; that negligence cannot be inferred from the mere happening of the accident; the burden of proof and the elements to be considered in fixing damages.

The only assignments of error that we need deal with are embodied in Nos. 2 and 3, and they may be considered together.

The evidence conclusively shows that the defendant Gore "cut the corner," in fact he admitted it, while attempting to make a left turn off Main street into Stevens street. The point of impact oc-

curred in the plaintiff's lane of travel on the east side of the center line of Main street before the truck reached the intersection. The defendant Gore violated the statutory requirement of § 46-231,[1] Code of 1950, as amended, Acts of Assembly, 1952, c. 666, p. 1116.

The violation of a statute constitutes negligence *per se*, and if such negligence is a proximate or efficiently contributing cause of an injury, it will support a recovery for damages for such injury. The question of whether such negligence is a proximate or efficiently contributing cause of an injury is usually a question of fact for a jury to determine. *Crist* v. *Fitzgerald*, 189 Va. 109, 118, 52 S. E. 2d 145, 148-9; *Lanier* v. *Johnson*, 190 Va. 1, 4, 5, 55 S. E. 2d 442, 443; *Hershman* v. *Payne*, 196 Va. 241, 244, 246, 83 S. E. 2d 418, 419, 420. None of the written instructions given to the jury included this principle of law.

It is evident from the question propounded by the foreman of the jury that it was concerned with whether the violation of a statute constituted negligence. That was clearly indicated when the foreman of the jury asked the court if a person violated the letter of the law would negligence be presumed. While the answer of the court, that "negligence is never presumed but must be proved," is a correct abstract statement of the law, under the facts in this case it was not a full and complete answer and was misleading.

After deliberating for some time, the jury was groping for guidance from the court. The request of counsel for plaintiff should have been granted in view of the question propounded by the foreman of the jury and the court's response thereto. The jury should have been told, under the facts of this case, that if the operator of a motor vehicle violates a statute he is guilty of negligence *per se*, and if such

---

[1] § 46-231. *Required position and method of turning at intersections.*—The driver of a vehicle intending to turn at an intersection shall do so as follows:

\* \* \* \* \*

"(2) Left turns on two-way roadways: At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection."

(Now § 46.1-215(b), 1958 Cum. Supp., Acts of 1958, c. 541, p. 737.)

negligence is a proximate or efficiently contributing cause of an injury it will support a verdict for damages for such injury.

For the reasons given, the judgment of the trial court is reversed and the case remanded for a new trial.

*Reversed and remanded.*