# Richmond

Esso Standard Oil Company, Et Al. v. Mattie Lee Williams.

November 28, 1960.

Record No. 5164.

Present, All the Justices.

The opinion states the case.

*Allan S. Reynolds* (*White, Ryan and Reynolds,* on brief), for the plaintiffs in error.

*Russell R. Stallard* (*Berry D. Willis*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

■ This is an action for damages brought by the plaintiff, Mattie Lee Williams, as the result of personal injuries sustained while a passenger in an automobile which collided with a truck owned by Esso Standard Oil Company and driven by its agent, John R. Porter, defendants in the court below. A jury returned a verdict for the plaintiff in the amount of $3,500 against both defendants, on which the trial court entered judgment, and the defendants are here on a writ of error.

The defendants contend that the court erred in not striking plaintiff's evidence or in not setting aside the verdict in plaintiff's favor, and not entering judgment for the defendants because no negligence was shown on the part of the driver of the Esso truck, and even if he were negligent such negligence was not a proximate cause of the accident.

The accident occurred on April 7, 1958, in the afternoon of a bright, clear day, on Granby street in the city of Norfolk. At the point of the collision Granby street is divided by a grass island and there are two northbound and two southbound lanes of travel. Each lane is divided by a broken line and is approximately 9 to 10 feet wide, making a total of 18 to 20 feet for the northbound portion of the street.

The vehicles involved in the accident were proceeding north in the right-hand lane on a straight stretch of the street at speeds of 30 to 35 miles per hour, within the limit permitted at the time and place. The Esso tank-truck was approximately 7½ feet wide with its tank extending out beyond the cab of the truck. The defendant driver did not have a view directly behind the truck, but a side view mirror permitted vision to the side and partially to the rear. The automobile in which the plaintiff was a passenger was driven by her husband, Starney Lee Williams, and it had followed the Esso truck in the right-hand lane for a quarter of a mile, keeping a distance of approximately 75 feet behind until just prior to the accident.

Approximately two city blocks from the point of the accident the driver of the Esso truck turned on his blinker signal light,

indicating that he intended to turn into the left lane of travel. The plaintiff and her witnesses testified that the truck traveled in the right traffic lane for more than a city block with its left-turn signal light blinking. Then the truck moved into the left lane, about one foot over the line dividing the lanes, and traveled one to two truck lengths in this manner. The driver of the truck, without altering his left-turn signal, suddenly turned back into the right lane in front of Williams' car, slammed on the truck brakes and stopped about 5 to 7 feet behind a Norfolk police patrol car, which was parked in the right lane while the officers questioned two girl hitch-hikers. Williams' car, which had moved up to within a car's length of the truck, crashed into the rear of the truck when it stopped, causing injuries to the plaintiff.

The officers in the police patrol car testified that just as they were about to move off in their car they observed the truck pull up behind them and then they heard a crash. They said the driver of the truck told them that he had intended to turn into the left lane but he could not do so on account of the heavy traffic. Officer H. W. Ginn testified on direct examination that he did not recall what Williams said about how the accident occurred, but on cross examination he stated that Williams told him he glanced off for a moment at one of his children riding in the back seat of his car and when he looked up the truck driver had just slammed on his brakes in front of him. Ginn's testimony was given more than 19 months after the accident and was based on memory, since it did not appear in the police report.

Williams was not examined while testifying as a witness relative to his glancing off for a moment, but the plaintiff testified that he did not do so.

The defendant Porter, driver of the truck, testified that he saw the police car parked in the right traffic lane when he was approximately two city blocks away from the point of the collision. He turned on the left-turn directional signal while traveling at a speed of 30 to 35 miles per hour, but did not turn out of the right lane because the heavy traffic would not permit it, and then brought the truck to a slow normal stop about 9 feet behind the police patrol car. He did not see the Williams car following behind him and was not aware of its presence until it struck the rear of the truck.

Under the well established rule that the verdict of a jury settles

all conflicts in the evidence, we must consider the evidence in the light most favorable to the plaintiff and accept all just inferences that may be drawn therefrom.

Section 46.1-218, Code of 1950, 1958 Replacement Volume, provides as follows:

"Drivers having once given a hand, electrical or mechanical device signal must continue the course thus indicated, unless they alter the original signal and take care that drivers of vehicles and pedestrians have seen and are aware of the change."

The plaintiff's evidence clearly shows that the defendant Porter violated the statute. He gave an electrical signal to turn into the left-hand traffic lane, moved in part of the way, quickly turned back into the right lane when he saw he could not make it because of the heavy traffic, without altering his original signal and taking care that the traffic in the right lane was aware of the change, and came to a sudden stop in the right lane behind the parked police car.

In the recent case of *Smith* v. *New Dixie Lines*, 201 Va. 466, 470, 111 S. E. 2d 434, 437, we again stated the well established principle that " 'The violation of a statute constitutes negligence *per se*, and if such negligence is a proximate or efficiently contributing cause of an injury, it will support a recovery for damages for such injury. The question of whether such negligence is a proximate or efficiently contributing cause of an injury is usually a question of fact for a jury to determine.' (*White* v. *Gore*, 201 Va. 239, 242, 110 S. E. 2d 228, 231) * * *."

The evidence also shows that the defendant driver did not observe the Williams car following him, and he did not keep his truck under control for a normal stop under the conditions then existing. He saw ahead for a distance of nearly two blocks that the right lane was blocked, and he knew or should have known that it would be difficult to turn into the left lane on account of the heavy traffic. Yet he didn't slacken his speed and had to bring his car to a sudden stop in front of the Williams car to prevent colliding with the police car.

The question of the negligence of the driver of the Esso truck presented a question of fact for the jury. See *Matthews* v. *Hicks, Adm'r*, 197 Va. 112, 114-116, 87 S. E. 2d 629, 630-631; and *Luck* v. *Rice*, 182 Va. 373, 377, 378, 29 S. E. 2d 238, 240.

The defendants argue that the evidence for the plaintiff

shows as a matter of law that the sole proximate cause of the accident was the increase in speed of the Williams car at the time the plaintiff and her witnesses claimed the truck crossed over the center line, and the inattention of its driver.

Negligence and proximate cause are usually questions for the jury. *Bates, Administratrix* v. *Thompson*, 200 Va. 501, 505, 106 S. E. 2d 728, 731; *Steele* v. *Crocker*, 191 Va. 873, 880, 62 S. E. 2d 850, 853; *Spence* v. *American Oil Co.*, 171 Va. 62, 79, 197 S. E. 468, 118 A. L. R. 1120.

We have said many times that if reasonable men may differ as to the conclusion of fact to be drawn from the evidence, or if the conclusion is dependent upon the weight given the testimony, a jury should decide the question. *Bates, Administratrix* v. *Thompson, supra*, 200 Va. at p. 505, 106 S. E. 2d at p. 731; *Smith* v. *New Dixie Lines, supra*, 201 Va. at p. 470, 111 S. E. 2d at p. 437.

The jury was told that the plaintiff could not recover if the negligence of her driver was the sole proximate cause of the accident. The question presented was one of fact, and the jury, under all the evidence, resolved this issue against the defendants.

The trial court properly submitted to the jury, without objection, the questions of negligence and proximate cause.

For the reasons given, the judgment of the court below is

*Affirmed.*