# Richmond

THATCH T. EWELL v. RUTH H. ELLIOTT.

January 15, 1962.

Record No. 5353.

Present, All the Justices.

*John A. MacKenzie* (*MacKenzie & Babb*, on brief), for the plaintiff in error.

*William B. Eley* (*Rixey & Rixey*, on brief) for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

Mrs. Thatch T. Ewell secured a jury verdict in the sum of $3,000.00 against Mrs. Ruth H. Elliott for personal injuries and property damages resulting from an automobile collision. Mrs. Elliott moved that the verdict be set aside on the ground that the evidence showed that Mrs. Ewell was guilty of contributory negligence as a matter of law. The motion was sustained and final judgment was rendered in favor of Mrs. Elliott.

To review that ruling, we granted this writ of error.

The sole question involved is whether Mrs. Ewell was guilty of negligence as a matter of law. The amount of the verdict and the instructions to the jury are not questioned.

The collision occurred between two passenger automobiles at the intersection of Manley and Dale streets, in a residential area of the city of Portsmouth, Virginia, at 8:30 a. m., on March 20, 1959. The weather was clear, the roadways dry, and the ground level. Dale street runs north and south, and Manley street runs east and west. Each street was 15 feet wide. There were no traffic signs or controls at the intersection. Mrs. Ewell was driving her car south on Dale street, and Mrs. Elliott was driving her car east on Manley street.

Mrs. Ewell testified that she approached the intersection driving at a speed of not more than 15 miles an hour; that some cars were parked on her right which obscured her vision to the right until she got to the northern line of the sidewalk on Manley street; that she slowed down and when she reached the northern line of Manley street "had come practically to a stop," and was "just moving," she looked to her right; that she then saw Mrs. Elliott's car proceeding east on Manley street at a very low rate of speed, "slowing up" and "apparently coming to a stop," at a distance of 60 feet from the intersection; that she, Mrs. Ewell, thought that Mrs. Elliott was going to "stop completely" and believing that she had "plenty of time" to cross Manley street, proceeded to do so at a low rate of speed, directing her attention straight ahead; and that she had almost completely crossed Manley street and the front wheels of her car had gotten beyond a ditch, which was the southern boundary of Manley street, when her car was struck on its right rear door by the car driven by Mrs. Elliott. Mrs. Ewell suffered severe and painful injuries in the collision, and the repairs to her car cost $375.00.

The question of contributory negligence is close, and in its determination, as in other intersection accidents, we must be guided by the particular facts of the case. If reasonable men may fairly differ as to whether Mrs. Ewell exercised reasonable care and caution for her own safety, the question of contributory negligence is an issue to be determined by the jury. "The law does not require a person to know that he is absolutely safe before taking a given course of action. He is only required to exercise ordinary care to avoid accidents—such care as a reasonably prudent person would exercise under the circumstances." *Smith* v. *Carpenter*, 198 Va. 91, 93, 92 S. E. 2d 275.

Code, § 46.1-221, 1958 Replacement Volume, Code of 1950, provides that: "When two vehicles approach or enter an intersection

at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, * * *." "The phrase 'at approximately the same time,' means that the determination of the question depends not upon a computation of time, but upon the determination of a fact by the jury." *Wallingford and Cooper* v. *Karnes*, 194 Va. 648, 651, 74 S. E. 2d 161.

There was evidence to justify the jury in finding that Mrs. Ewell entered the intersection prior to the entrance of Mrs. Elliott; and whether or not Mrs. Ewell exercised reasonable care and caution for her own safety, under the circumstances, to avoid the collision, was a question of fact for the jury to determine.

Consequently, the verdict of the jury was binding on the trial court, and should not have been set aside.

Accordingly, the judgment under review will be reversed; the verdict of the jury in favor of Mrs. Ewell against Mrs. Elliott reinstated; and final judgment entered thereon, with interest from the date of the verdict. Code, § 8-223.

*Reversed and final judgment.*