## Staunton

ERNEST J. SEARS, SR. v. CHARLES J. GEYER.

September 11, 1964.

Record No. 5764.

Present, All the Justices.

*Ivy P. Blue, Jr.*, for the plaintiff in error.

*M. Wallace Moncure, Jr.* (*Moncure & Cabell*, on brief), for the defendant in error.

CARRICO, J., delivered the opinion of the court.

Ernest J. Sears, Sr., the plaintiff, filed a motion for judgment against Charles J. Geyer, the defendant, seeking to recover damages for personal injuries allegedly sustained when the taxicab operated by the plaintiff was in collision with an automobile operated by the defendant.

A jury trial was held and at the conclusion of all of the evidence the trial court sustained the defendant's motion to strike the evi-

dence, the motion and the granting thereof being based solely upon the ground that the plaintiff had not made out a case of primary negligence against the defendant. From a final order awarding summary judgment to the defendant, the plaintiff was granted a writ of error.

Viewing the evidence, as we must, in the light most favorable to the plaintiff, it appears that the accident occurred at approximately 3 p. m. on March 30, 1962, at the intersection of Oakdale Avenue and Catalpa Street in the city of Richmond. The plaintiff was operating his taxicab in an easterly direction on Oakdale Avenue, which is 32 feet wide, and the defendant was proceeding in a northerly direction on Catalpa Street, which is 26 feet wide. The intersection is not controlled by traffic signals or signs.

As the plaintiff approached Catalpa Street, he slowed his vehicle and when he got to the intersection he had his foot on the brake. He saw no traffic to his left but saw the defendant's vehicle on his right, "about a half a block down the street."

The plaintiff stated that he thought he, "had plenty of time to cross the intersection in safety", so he shifted into second gear and proceeded into the intersection. He was proceeding at 12 to 15 miles per hour, and when he entered the intersection, the defendant's automobile was 75 to 100 feet from the intersection, traveling at, "a normal speed . . . 20, 25 miles an hour." The plaintiff said, "it looked to me like it was going to park or stop" because the defendant, "was pulling in toward the curb." The plaintiff said that he "definitely did" enter the intersection ahead of the defendant.

The front end of the plaintiff's vehicle had almost cleared the intersection when the vehicle was struck. The blow caused the plaintiff's taxicab to go out of control and spin around. It came to rest 44 feet from the point of impact, facing in a southwesterly direction, with its rear wheels resting against the north curb of Oakdale Avenue, 14 feet east of the curb line of Catalpa Avenue. Damage to the taxicab was confined to the rear of its right side, specifically, from the rear bumper to the middle of the rear door.

The defendant's automobile came to rest with its front bumper extending 6 feet into Oakdale Avenue. Nine feet of skid marks lead up to the rear wheels of the defendant's vehicle.

The sole question to be decided is whether the evidence just recited was sufficient to pose a jury question as to the defendant's negligence.

The plaintiff contends that the evidence was sufficient, arguing

that the jury could have found that the defendant was negligent in failing (1) to keep his vehicle under proper control, (2) to maintain a proper lookout and, (3) to stop in time to avoid the collision.

The defendant, on the other hand, contends that he was not negligent, asserting that he had the right-of-way over the plaintiff and, under the circumstances, was not under the "burden of doing something to avoid a collision."

The mere fact that his was the vehicle on the right was not sufficient to invoke the right-of-way statute in the defendant's behalf. The driver of a vehicle on the left is required to yield the right-of-way to the driver of the vehicle on the right only, ". . . when two vehicles approach or enter an intersection at approximately the same time . . . ." Code, § 46.1-221.

And the phrase, "at approximately the same time" means, ". . . that the determination of the question depends not upon a computation of time, but upon the determination of a fact by the jury." *Wallingford and Cooper v. Karnes*, 194 Va. 648, 651, 74 S. E. 2d 161.

Here, the jury, if it chose to believe the plaintiff's evidence, as it had a right to do, could have found that the two vehicles did not approach or enter the intersection at approximately the same time but, instead, that the plaintiff's taxicab approached and entered first. *Ewell v. Elliott*, 203 Va. 201, 203, 123 S. E. 2d 391.

In such a situation, as was said in *Pannell v. Fauber*, 201 Va. 380, 384, 111 S. E. 2d 445, ". . . neither driver had the right-of-way over, or was required to yield to, the other. Each was under the duty to exercise ordinary care to avoid the collision."

It was for the jury to decide whether the defendant exercised ordinary care, under the circumstances, in the operation of his vehicle. It was for the jury to say whether he should have seen the plaintiff sooner than he did, and whether he should have been able to stop or turn his vehicle so as to avoid the collision. And it was for the jury to answer whether the defendant's shortcomings, if found to exist, proximately caused the plaintiff's injuries.

No rule is better settled or more often repeated than the one requiring that questions of negligence and proximate cause should, ordinarily, be left to the jury's consideration. The present case is no exception to that rule. Accordingly, the judgment appealed from will be reversed and the case remanded for a new trial.

*Reversed and remanded.*