## Staunton

### Charlie R. Carter v. Charles N. Miley.

September 6, 1968.

Record No. 6729.

Present, All the Justices.

*Jerrold G. Weinberg* (*Stackhouse and Weinberg*, on brief), for plaintiff in error.

*Harry N. Gustin* (*Douglas E. Ballard; Taylor, Gustin, Harris, Fears and Davis*, on brief), for defendant in error.

I'Anson, J., delivered the opinion of the court.

Plaintiff, Charlie R. Carter, instituted this action against the defendant, Charles N. Miley, to recover damages for personal injuries sustained when the truck which he was driving was struck by a motor vehicle operated by the defendant. The case was tried to a jury, and at the conclusion of plaintiff's evidence the trial court sustained defendant's motion to strike out plaintiff's evidence and entered summary judgment for the defendant.

Plaintiff assigns as error the action of the trial court in striking out his evidence and entering summary judgment for the defendant.

The collision occurred in the daytime on June 8, 1965, at the

intersection of Campostella road and Canton avenue in the city of Norfolk, Virginia. Campostella road runs north and south, and is straight at the point of the collision. It has three unmarked lanes, but creases in the roadway clearly show the three lanes of travel. Curbing runs along each side of the street. Canton avenue runs east and west and forms a "T" intersection with the east side of Campostella road. It had been raining and the streets were wet at the time of the collision.

Plaintiff testified that he was operating his small pickup truck south on Campostella road in the right, or curb, lane. Traffic was blocked in his lane all the way to Indian River road which was the next traffic controlled intersection south of Canton avenue, and there were four or five cars behind him. When he was 70 to 75 feet from Canton avenue he turned on his left-turn signal light and drove his truck into the middle lane of Campostella road. He saw defendant's station wagon traveling south in the middle lane approximately 200 feet behind him before making the turn. After turning into the middle lane he traveled approximately 70 to 75 feet to the intersection and then began his left turn into Canton avenue. He was half-way into Canton avenue when his truck was struck just behind the left-hand door by the defendant's wagon. Defendant's station wagon was in the northbound (or wrong) lane when it struck his truck.

After the collision plaintiff requested a by-stander to call the police. While waiting for the police to arrive on the scene defendant told him that he was in a hurry to get home as his wife worked the night shift and had to have the car.

On cross-examination, plaintiff again said that he was traveling in the right, or curb, lane of Campostella road headed toward Indian River road; that traffic had backed up in that lane from Indian River road to Canton avenue and some four or five cars behind him. Plaintiff was asked if he was sitting in that position when he started "this turn," and he answered "that is right."

Officer William E. Bibb testified that when he arrived on the scene it was raining and he found plaintiff's truck, which had not been moved, "sitting up on the southeast corner of Canton and Campostella, facing east" at a thirty-degree angle. The rear half of the truck was on Campostella road and the front half was into Canton avenue. The truck was damaged on the left side to the rear of the front door, and defendant's station wagon was damaged on the right front bumper and fender. He did not find any skid marks on the

roadway, and could not recall seeing any debris. Bibb said that plaintiff told him he was in the right-hand lane next to the curb and as he got to Canton avenue he looked back, saw the defendant's car, thought he had enough time, and while making his turn his truck was struck on its left side by defendant's car. He was not told and could not say where plaintiff's truck was on Campostella road when the left turn was made from the right curb lane. He assumed that it was at the intersection.

In determining whether the trial court erred in striking out plaintiff's evidence, all the evidence is to be considered very much as on a demurrer to the evidence. All reasonable inferences deducible from the facts and circumstances proved must be resolved in favor of the plaintiff. When there are several inferences which can be drawn from the testimony, the court must accept those inferences most favorable to the plaintiff unless they are strained, forced, or contrary to reason. *Hall* v. *Hockaday*, 206 Va. 792, 797, 146 S. E. 2d 215, 218 (1966); *Pike* v. *Eubank*, 197 Va. 692, 698, 90 S. E. 2d 821, 825 (1956).

Negligence and contributory negligence are usually questions for the jury. Only when the facts are susceptible of but one inference, and reasonable men can reach but one conclusion from them, do they become questions of law for the court. *Standard Oil Co.* v. *Williams*, 202 Va. 362, 366, 117 S. E. 2d 93, 95 (1960); *Smith* v. *Carpenter*, 198 Va. 91, 93, 92 S. E. 2d 275, 277 (1956).

Defendant says that the trial court was correct in striking plaintiff's evidence, because plaintiff's answer to the question on cross-examination as to "this turn" shows that he made a left turn from the right curb lane at the intersection without first determining that the turn could be made in safety. He claims that plaintiff's statements to the police officer also show that he was contributorily negligent as a matter of law. We do not agree.

Here plaintiff's evidence shows that he turned from the right-hand lane of Campostella road into the center lane when he was 70 to 75 feet from the Canton avenue intersection, and at that time the defendant's automobile was traveling south in the center lane approximately 200 feet behind him. He then traveled 70 to 75 feet in the center lane before attempting his left turn into Canton avenue. It could be reasonably inferred that when plaintiff was asked on cross-examination about "this turn" he was referring to his first left turn into the center lane. Although the police officer testified that the

plaintiff told him he turned from the right curb as he got to Canton avenue, he later stated in his testimony that he did not know from his conversation with the plaintiff just how far the truck was from Canton avenue when the turn was made from the curb lane. Since the police officer did not know where plaintiff's truck was when it made the left turn from the curb lane, the jury could infer that plaintiff's statement to him had reference to the first left turn into the center lane.

We are of opinion that reasonable men could differ on the inferences to be drawn from the facts, and a jury question was presented.

For the reasons stated, the judgment is reversed and the case remanded for a new trial.

*Reversed and remanded.*