# CIRCUIT COURT OF THE CITY OF RICHMOND

Jason Haskins

 v.

William Richardson

June 13, 2003

Case No. LP-851-3

BY JUDGE T. J. MARKOW

The defendant came on his *in limine* objection to the deposition testimony of Dr. William A. Yetter, plaintiff's treating psychiatrist.

Defendant argues that Dr. Yetter's entire testimony must be stricken in that he fails to provide a causal connection to the illnesses he diagnosed and the defendant.

Upon its review of the deposition, the court determined that Dr. Yetter diagnosed the plaintiff as suffering from Post Traumatic Stress Disorder (PTSD) and Depression when he saw the plaintiff in March 2001 about four months following a second confrontation between the plaintiff and police.

Dr. Yetter did not give specific details of either confrontation between plaintiff and the police as he did not know them. He concludes that the June 1998 incident, which is the subject of this action, created a condition which resulted in a cascade of recollections of feelings of stress, etc., when the second incident in 2000 occurred. He concludes that both incidents contributed to his diagnosis of PTSD and Depression.

Dr. Yetter testified that PTSD is caused by "Traumatic events, usually, that are caused when people are faced with life-threatening situations, very dangerous events." Transcript P-13.

Dr. Yetter gave no factual basis for his determination that the 1998 incident presented a "life-threatening" or "dangerous event." The jury could not on its own determine whether the 1998 incident was of the type to cause the PTSD/Depression.

Similarly, Dr. Yetter's testimony does not permit the jury to conclude that the 1998 incident proximately caused plaintiff's PTSD/Depression. The 1998 incident, at worst, created a condition which permitted the illness to occur.

Plaintiff cites *Lock* v. *Rice*, 182 Va. 373 (1944), as support for the proposition that it is not necessary to isolate parts of an injury for attribution to a specific tortfeasor. That principle is applicable only where there are joint tortfeasors. Assuming the 2000 incident was perpetrated by tortfeasors, their torts were not joint with those alleged to be perpetrated by the defendant.

Virginia Code 8.01-401.1 requires that an expert's opinion must be based upon "facts, circumstances, or data." It is clear that Dr. Yetter did not know anything more than the most general facts about either incident and not enough facts to enable him to determine that the plaintiff faced a "life-threatening or very dangerous" situation. His testimony is based upon speculation as to causation.

It is, therefore, ordered that the defendant's objections to the entire testimony of Dr. William A. Yetter are sustained and it will not be offered to the jury.