LAW AND EQUITY COURT OF THE CITY OF RICHMOND

James A. Bass

v.

Charles E. Southward

November 6, 1963

By JUDGE ROBERT LEWIS YOUNG

I am of the opinion that the issue as to whether or not the plaintiff was guilty of contributory negligence was properly submitted to the jury. The question that concerns me is whether it was error to allow the plaintiff to prove that the defendant had pleaded guilty, or whatever he did, to the traffic charge growing out of the accident.

The rule in the local courts as far back as I can remember has been that in a civil case based upon negligence, when the defendant pleads and testifies that he was not guilty of any such negligence, his plea of guilty to a traffic charge involving negligence may be shown. This is certainly the rule throughout the country. 20 Am. Jur. 545, Evidence, Sec. 648; Annotation 18 A.L.R.2d 1307; 31 C.J.S. 1070, 1071, Evidence, Sec. 300, b. The question in this case is twofold, first, if defendant pleaded guilty was it error to permit this to be shown, second, if not error, so considered, did the defendant in reality merely pay a fine without admitting his guilt?

In this connection on behalf of the defendant it is argued that the case of Smith v. New Dixie Lines, 201 Va. 466 (1959), answers both of these questions in accordance with his contentions. In that case one Pamplin had been the driver of the automobile in which

the plaintiff was an occupant at the time of the accident. He was charged with a traffic offense and posted bond for his appearance, but failed to appear, as a result of which he was convicted and his bond forfeited. At the trial of the civil action in this court the defendant was allowed to prove these facts, but the Court of Appeals held that on a new trial this should not be permitted. The plaintiff argues that this result was compelled for the simple reason that Pamplin was not a party to the action in this court. This is true, but unfortunately the opinion of our appellate court did not give this as its reason. In addition to Honaker v. Howe, 19 Gratt. 50, it cited Supervisors v. N. & W. Ry. Co., 119 Va. 763, and Aetna Casualty & Surety Co. v. Anderson, 200 Va. 385. The former involved an acquittal on a plea of not guilty and it was held that a plea of res adjudicata could not be sustained; the latter also involved a plea of res adjudicata, the defendant unsuccessfully contending that the driver having pleaded guilty to the unauthorized use of the insured car the judgment creditors were estopped. With all due respect, the opinion in the Smith case (201 Va. at p. 472) makes no distinction between the plea and conviction in the criminal case being relied upon as an estoppel by judgment, or res adjudicata, on the one hand, or merely an admission, which may be explained and weighed by the jury along with all the other evidence in the case, on the other. It speaks of the plaintiff not being "bound" by the result in Pamplin's criminal trial. It also refers to the rule that the "judgment of conviction or acquittal" in the criminal case is not "a bar" to a subsequent civil claim, adding that such "judgment" is "not admissible in evidence."

The rule universally recognized, unless Virginia has departed from it, is stated in Honaker v. Howe, supra, 19 Gratt. at pp. 51, 52, as follows:

> It was very properly conceded in the argument, that the judgment upon an indictment for an assault, cannot, by reason of want of mutuality, be given in evidence in a civil action for the same assault, to establish as

res adjudicata, the fact on which it was founded. But while such a judgment cannot be given in evidence as a judgment, yet when it is founded on the plea of guilty, the record is admissible in the civil action, because the plea of guilty was a direct and express confession of the truth of the charge, and the record is admissible to prove this confession.

Now, in that case the defendant, Honaker, in the criminal matter, "without pleading in proper person, with the assent of the court, confessed a judgment for five dollars and costs; upon which the court entered up a judgment" (19 Gratt. at p. 50). Our appellate court considered this a plea of nolo contendere, which may not be shown, simply because it is not a confession, or admission. Counsel have been kind enough to furnish me with copies of the record and briefs in the Smith case. At the trial of this case police officer Bristol was allowed to testify concerning his issuance of a warrant charging careless and reckless driving on the part of Pamplin, the latter's posting bond, non-appearance, conviction and forfeiture (R. pp. 30, 31). Clearly this was error. Later, when Pamplin was on the stand, defendant's counsel put in evidence certified copies of the record in the criminal matter, as though they were conclusive, asserting that they were "selfproving" (R. pp. 42, 43). Clearly, this also was error. The only thing which may be done in cases of this kind is to ask the witness if he admits pleading guilty to the criminal charge. If he admits it, that is the end of the matter, except that he may explain why he did it. If he denies it, he may be contradicted by the record.

I am unwilling to apply the rule in the Smith case to a case like this where, in my opinion, the defendant did, in fact, plead guilty, although in the Clerk's office.

A draft of a final judgment order, overruling defendant's motions and entering judgment on the verdict may be presented.