# Richmond

## Halvester Leonard, Jr. v. John Doe.

April 26, 1971.

Record No. 7417.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Bryan B. Palmer,* for plaintiff in error.

*Roy B. Fox, Jr. (Larry M. Topping; Hall, Fox & Topping,* on brief), for defendant in error.

Per Curiam.

Halvester Leonard, Jr. brought an action against John Doe to recover damages for injuries he received in a single car accident. Leonard contended he was forced off the road by an unknown motorist. Judgment on a jury verdict was entered for John Doe.

The only question presented in this appeal is whether the trial court correctly ruled that payment of a forfeiture by Leonard on a traffic charge growing out of the accident could be admitted into evidence.

Counsel for John Doe said in his opening statement to the jury that Leonard had been charged with "improper equipment" and had "paid a fine". Leonard's counsel objected to these statements and the trial court instructed the jury to disregard them. No motion for a mistrial was made.

Later, the court, in the absence of the jury, ruled that "a forfeiture is tantamount to a plea of guilty" and that evidence of the forfeiture would, therefore, be admissible. Leonard's counsel excepted to this ruling.

However, on direct examination Leonard testified that he was charged with "improper equipment" and had a friend "pay it" because he was in the hospital. The defendant offered no evidence concerning the charge against Leonard. Although the court erred in ruling that evidence of a forfeiture could be admitted, *Smith* v. *New Dixie Lines*, 201 Va. 466, 472, 111 S.E.2d 434, 438 (1959), Leonard cannot be heard to complain since it was he who introduced the objectionable evidence before the jury.

The judgment is

*Affirmed.*