**Gloria Anne KANE, Plaintiff–Appellee,**

v.

**P.K. HARGIS, Senior Trooper, Defendant–Appellant.**

**Gloria Anne KANE, Plaintiff–Appellant,**

v.

**P.K. HARGIS, Senior Trooper, Defendant–Appellee.**

**Nos. 92–6212, 92–6223.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 27, 1992.

Decided Jan. 14, 1993.

Amended by Order Filed March 4, 1993.

William Mark Dunn, Asst. Atty. Gen., Richmond, VA (Mary Sue Terry, on brief), for appellant.

Avery T. Waterman, Jr., Patten, Wornom & Watkins, Newport News, VA, for appellee.

Before ERVIN, Chief Judge, and RUSSELL and WILKINS, Circuit Judges.

## OPINION

PER CURIAM:

Senior Trooper P.K. Hargis appeals the district court's denial of his motion for summary judgment on Gloria Anne Kane's claim under 42 U.S.C. § 1983 that he used excessive force in arresting her. Kane cross-appeals the district court's grant of summary judgment on her section 1983 claims for denial of medical treatment and malicious prosecution. We affirm the district court on both counts.

I

Officer Hargis stopped Kane around 11:00 PM on August 6, 1990, after observing her erratic driving. Kane admitted that she had been drinking, and later tests showed her blood/alcohol level at .10, sufficient for legal intoxication. Officer Hargis then arrested Kane, but their versions of the arrest are entirely different.

Kane alleges that after stopping her, Officer Hargis, who was in an unmarked car but was in full uniform, asked her to step into his squad car without telling her that she was under arrest. She thought this seemed "eerie," and attempted to resist arrest and to flee. She claims that Officer Hargis, who weighs almost two hundred pounds, reacted to her actions by pinning her, a one hundred pound woman, to the ground and repeatedly pushing her face into the pavement, cracking three of her

teeth, cutting her nose, and bruising her face. Kane says she then tried to flee again, but Officer Hargis managed to secure her with the help of a passerby.

Officer Hargis, she states, then placed her in the police car and transported her to the sheriff's department. They arrived there approximately forty minutes after she had been stopped. At the sheriff's department, Kane was booked, given a breathalyzer, and given a hearing before the magistrate. She claims that she sought medical treatment at the sheriff's department but that it was denied. Four hours after she was stopped, she was released.

Officer Hargis, a Virginia trooper since 1967 who had never had a citizen complaint against him, describes the arrest differently in the following respects. He states that he arrested Kane after he saw her backing up on a state highway. He asked her for her driver's license, and she refused to give it to him. Recognizing that she had been drinking, he asked her to do sobriety tests, which she also refused. As a result, he told her that she was under arrest, and she went "berserk," resisting arrest and attempting to flee.

Officer Hargis claims that he attempted to control her by striking her on the leg with his nightstick. When that was unsuccessful, he attempted to strike her at the jawline to subdue her, but she turned her face into the blow and the nightstick hit her teeth, cracking three of them. The struggle continued until a passerby arrived and helped to subdue her. Officer Hargis then placed her in his car and transported her to the sheriff's department. He claims that while in the car, she damaged his equipment and broke his windshield. He states that when they reached the sheriff's department, he offered her medical help, but she refused it.

Kane was charged immediately after the incident with driving under the influence of alcohol and attempting to impede an officer. Four days later, she was charged with destroying state property.

A trial was held in the General District Court of York County before a judge, and Kane was convicted on all three charges. In a second trial before a jury in the York County Circuit Court, she was again convicted of driving under the influence and attempting to impede an officer, but the conviction for destroying state property was vacated.

Kane filed this action under 42 U.S.C. § 1983, alleging that Officer Hargis had violated her constitutional rights by using excessive force in her arrest, denying her medical treatment, and prosecuting her maliciously on the charge of stolen property. Officer Hargis moved for summary judgment on all of Kane's claims on the ground of qualified immunity.

The district court denied Officer Hargis's motion for summary judgment with respect to the excessive force claim, but granted it with respect to the denial of medical treatment claim and the malicious prosecution claim. Both Kane and Officer Hargis appeal.

## II

Officer Hargis contends that the district court erred in denying his motion for summary judgment on qualified immunity for the excessive force claim. We review the district court's holding *de novo, Pritchett v. Alford,* 973 F.2d 307, 313 (4th Cir.1992), and reject his contention.

■ Government officials performing discretionary functions are entitled to summary judgment on qualified immunity in civil suits against them if, taking the facts in the light most favorable to the plaintiff, *see* Fed.R.Civ.Pro. 56; *Mitchell v. Forsyth,* 472 U.S. 511, 527, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985), "their conduct [did] not violate clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). They are not entitled to summary judgment on qualified immunity if "in light of pre-existing law the unlawfulness [of their conduct was] apparent." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

At the time this incident occurred, the Supreme Court had held that the Fourth Amendment prohibits police officers from using force that is not "reasonable" in an arrest, taking into account "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989). Construing the facts here in the light most favorable to the plaintiff, Officer Hargis, who weighed approximately two hundred pounds, pinned Kane, who weighed approximately one hundred pounds, to the ground after she had resisted arrest. While he had her pinned, Officer Hargis repeatedly pushed Kane's face into the pavement, cracking three of her teeth, cutting her nose, and bruising her face. It would have been "apparent" to a reasonable officer in Hargis' position that, after he had pinned to the ground a woman half his size and the woman did not pose a threat to him, it was unreasonable to push her face into the pavement with such force that her teeth cracked. Accordingly, we conclude that the district court did not err in denying Officer Hargis' motion for summary judgment on qualified immunity for the excessive force claim.

Officer Hargis argues, however, that it was not apparent that his conduct was unreasonable because a Virginia state court determined, in Kane's prior conviction for attempting to impede an officer, that Hargis' conduct in the incident was reasonable and the Virginia court's determination has collateral estoppel effect in this case. We disagree because we find that, even if the Virginia court had made such a finding, we are not required to give that finding collateral estoppel effect here.

The collateral estoppel effect of the Virginia court's decision is determined by Virginia law. 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980). "In Virginia, the settled rule is that a judgment of conviction or acquittal in a criminal prosecution does not establish in a subsequent civil action the truth of the facts on which it was rendered," *Selected Risks Ins. Co. v. Dean*, 233 Va. 260, 355 S.E.2d 579, 579 (1987) (quotations omitted), unless the civil plaintiff seeks to recover damages from his/her own wrong in a case such as arson. *See Eagle, Star and British Dominions Ins. Co. v. Heller*, 149 Va. 82, 140 S.E. 314, 323 (1927).

Here, while Kane admittedly was wrong in resisting arrest, she does not seek to recover for that wrong, but instead seeks to recover for Officer Hargis' wrong. Therefore, Virginia's "settled rule" must apply and Kane's criminal conviction can have no collateral estoppel effect in this case.

### III

The only significant argument advanced by Kane in her cross-appeal is that the district court erred in granting Officer Hargis' motion for summary judgment on her claim that Hargis' alleged refusal to give her medical treatment violated her right to due process, U.S. Const. amend. V.[1] We reject this argument.

In *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988), this Court held that a police department did not violate the due process rights of a pre-trial detainee when the detainee was not allowed to see a doctor during fourteen hours of interrogation, despite having a cut over one eye and hav-

---

1. Kane also contends that the district court erred in granting summary judgment for Officer Hargis on her section 1983 claim that his prosecution of her for destroying state property was malicious and violated her right to due process. This contention has no merit. Because Kane was originally convicted in this prosecution, the prosecution was not even malicious under Virginia law, *Morrison v. Jones*, 551 F.2d 939, 940 (4th Cir.1977) (holding that a necessary element for malicious prosecution under Virginia law is lack of probable cause); *Cramer v. Crutchfield*, 648 F.2d 943, 946 (4th Cir.1981) (stating that under Virginia law, "a conviction for the offense charged, even though subsequently ... vacated, is conclusive evidence of probable cause, unless the conviction was procured by the defendant through fraud or by means of evidence that he knew to be false"), and certainly did not rise to the level of a due process violation.

ing a piece of glass imbedded in his palm. Here, Kane suffered cracked teeth, a cut nose, and a bruised face. While lamentable, there is no indication these injuries required immediate medical treatment. Kane was only in custody, and allegedly unable to seek medical attention, for four hours. The alleged denial of medical care here was less serious than in *Martin* and, therefore, we conclude that the district court did not err in granting summary judgment for Officer Hargis on Kane's claim.

### IV

For the reasons set forth, we affirm both the district court's denial of summary judgment on the excessive force claim and its grants of summary judgment on the denial of medical treatment and malicious prosecution claims.[2]

AFFIRMED.

**2.** We also deny Hargis' motion to strike Kane's   reply brief.