28 F.3d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur COOKE, Plaintiff-Appellant,
v.
Barbara A. BOSTICK; Sandra E. Banks; Paul J. Davis; Mayor
and City Council of Baltimore, Defendants-Appellees.
 No. 93-1953.
 United States Court of Appeals, Fourth Circuit.
 Argued April 12, 1994.
Decided June 20, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-90-2151-K)
 Frank Montgomery Dunbaugh, Annapolis, Maryland, for Appellant.
 William Rowe Phelan, Jr., Senior Solicitor, Baltimore, Maryland, for Appellees Davis, Mayor, and City Council.
 Julia Melville Freit, Assistant Attorney General, Baltimore, Maryland, for Appellee Banks.
 Otho M. Thompson, Deputy City Solicitor, Frank C. Derr, Associate Solicitor, Baltimore, Maryland, for Appellees Davis, Mayor, and City Council.
 J. Joseph Curran, Jr., Attorney General of Maryland, Baltimore, Maryland, for Appellee Banks.
 Before ERVIN, Chief Judge, SPROUSE, Senior Circuit Judge, and RESTANI, Judge, United States Court of International Trade, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Arthur Cooke brought an action for damages under 42 U.S.C. Sec. 1983 and the Maryland Constitution against Baltimore city officials and state court officials after he was incarcerated in the Baltimore City Jail eleven days beyond his official release date. The district court granted summary judgment to all defendants, and we affirm.
 
 
 2
 On December 21, 1985, Cooke was charged in the state of Maryland district court with four traffic violations: negligent driving, driving while intoxicated, operating a vehicle with an expired license, and driving in violation of a license restriction. On May 20, 1987, he demanded a jury trial, and his case was transferred to the Circuit Court for Baltimore City. Cooke was not represented by counsel and was in a rest room when his case was called on June 17, 1987. Because Cooke was not present, the court issued a bench warrant for his failure to appear. On July 16, 1987, Cooke was arrested on that warrant and confined in the Baltimore City Jail. On August 14, represented by the Assistant Public Defender, Cooke appeared in the Circuit Court for Baltimore City and pled guilty to driving while intoxicated. He was sentenced to 30 days in jail but the term expired on August 14, 1987, the date of his sentencing. The three other charges were nolle prossed, but no action was taken with regard to Cooke's failure to appear.
 
 
 3
 The court clerk failed to complete the paperwork in connection with Cooke's case until later that day. On the following Monday, August 17, the deputy courtroom clerk entered orders nolle prossing three charges, but no action was taken with regard to the failure to appear charge. Throughout that week, Cooke continued, unsuccessfully, his attempts to be released from jail. He did not contact the Assistant Public Defender who had represented him, but on Saturday, August 22, 1987, he contacted his family and another lawyer. As a result, Cooke was finally released from jail on August 25, 1987.
 
 
 4
 On August 10, 1990, Cooke filed the complaint in this action in the United States District Court for the District of Maryland, asserting violations of 42 U.S.C. Sec. 1983[1] and Maryland law by the Mayor and City Council of Baltimore, Barbara Bostick,[2] the Commissioner of the city jail, Sandra Banks, the court clerk, and Paul Davis, the jail warden. Cooke claims that he was unlawfully imprisoned in violation of the Maryland Constitution, that his Eighth and Fourteenth Amendment rights under the United States Constitution were violated, and that his rights under the previous class action decree[3] were violated.
 
 
 5
 The district court granted summary judgment to the defendants. It held that the Mayor and City Council were protected from liability under Monell v. New York Dep't of Social Servs., 436 U.S. 658, 694 (1978), and that Banks and Davis were entitled to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). We review the district court's grant of summary judgment de novo. Kane v. Harris, 987 F.2d 1005, 1007 (4th Cir. 1993). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 45(c). The facts and inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, and this party is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to him . . . ." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Applying these principles, we agree with the decision of the district court and affirm.
 
 
 6
 The district court found that confusion existed within the Circuit Court of Baltimore City as to whether "failure to appear" under these circumstances was a separate charge requiring detention until the charge was resolved. It found that the Circuit Court never adopted such a policy but that some jail personnel treated such a failure to appear charge as a separate case requiring separate confinement. At least one other subordinate state court treated such a charge as a separate case. In short, there was confusion among Baltimore City Jail personnel about how an outstanding charge of failure to appear would be handled in terms of release or non-release. The jail officials did not understand whether they were authorized to release an inmate when that inmate was entitled to be released for all other charges except a failure to appear charge. The court also found that from 1987 to 1991, the Circuit Court handled, on an annual basis, as few as 12,000 and as many as 23,000 criminal cases requiring detention in the Baltimore City Jail. The record reflects eight instances during this period when inmates were held in violation of their right to be released in circumstances similar to those in this case.
 
 
 7
 In sum, the court found that there was no policy or custom adopted by the Circuit Court, the city, or the city jail relating to the issue of entitlement to release under circumstances like those presented here; therefore, the Mayor and City Council of Baltimore were entitled to a complete defense under Monell. The court also found that the confusion existing at the Baltimore City Jail was not initiated by any of the defendants and, in any event, "in view of the lack of clarity concerning the entitlement of such inmate to his release by the jail while his failure to appear charge remained outstanding," Banks and Davis were entitled to qualified immunity under Harlow. It also held that as to defendant Banks, she was merely the supervisor of the courtroom deputy and would not be liable for the deputy's error under the doctrine of respondeat superior, because that doctrine is not applicable to Sec. 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977). We cannot say that the district court's findings of fact were clearly erroneous, Little Beaver Enters. v. Humphreys Rys., Inc., 719 F.2d 75, 79 (4th Cir.1983), and find that, so construed, the district court correctly applied the principles of Monell, Harlow, and Vinnedge in its grant of summary judgment.
 
 AFFIRMED
 
 
 [1]
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress
 42 U.S.C. Sec. 1983.
 
 
 [2]
 Bostick was later dismissed from the suit, and that action was not appealed
 
 
 [3]
 Duvall v. Schaefer, No. CIV.A.K-76-1255, 1988 WL 228561 (D. Md. Aug. 30, 1988)