**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6023**

PATRICK TIMOTHY JEFFERS,

        Plaintiff – Appellant,

    v.

PERRY T. LYONS, JR., Police Investigator; AUSTIN MOON,
Middlesex County, Va. Police Officer; DREW BLAKE, Middlesex
County, Va. Police Officer,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Anthony J. Trenga,
District Judge. (1:14-cv-01390-AJT-TCB)

Submitted: May 28, 2015          Decided: June 2, 2015

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Patrick Timothy Jeffers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Timothy Jeffers appeals the district court's dismissal of his 42 U.S.C. § 1983 (2012) complaint. Jeffers claims on appeal that the district court erred in finding his Fourth Amendment claim barred by collateral estoppel.[1] He also challenges the court's decision not to exercise supplemental jurisdiction over his state law claims. We affirm in part, vacate in part, and remand for further proceedings.

Jeffers alleged that three Virginia police officers conducted a warrantless search of his home, which led to his arrest for possession of child pornography. Jeffers moved in state court to suppress the seized evidence on Fourth Amendment grounds. Although the Virginia court held, during criminal proceedings, that the officers should have obtained a warrant, it denied Jeffers' suppression motion, finding that the officers had acted in good faith. Jeffers pleaded guilty and is currently serving a state prison sentence.

Jeffers filed this § 1983 action seeking damages for alleged violations of the Fourth, Fifth, and Fourteenth Amendments, and asserting related tort claims under Virginia law. The district court determined that collateral estoppel

---

[1] We grant Jeffers' motion to file an amended informal brief.

2

barred Jeffers' Fourth Amendment claim because the state criminal court had denied his motion to suppress. The district court also held that Jeffers had failed to state a Fifth or Fourteenth Amendment claim.[2] In the absence of a federal claim, the court declined to exercise supplemental jurisdiction over Jeffers' state law claims.

Although collateral estoppel can bar a § 1983 plaintiff from relitigating a Fourth Amendment claim that a state criminal court decided against him, see Allen v. McCurry, 449 U.S. 90, 102-04 (1980), we look to Virginia law to determine the preclusive effect of the Virginia court's judgment. Heck v. Humphrey, 512 U.S. 477, 480 n.2 (1994); see 28 U.S.C. § 1738 (2012); Allen, 449 U.S. at 96. "In Virginia, the settled rule is that 'a judgment of conviction or acquittal in a criminal prosecution does not establish in a subsequent civil action the truth of the facts on which it was rendered' and 'such judgment of conviction or acquittal is not admissible in evidence' in the civil case." Selected Risks Ins. Co. v. Dean, 355 S.E.2d 579, 579 (Va. 1987) (quoting Smith v. New Dixie Lines, Inc., 111 S.E.2d 434, 438 (Va. 1959)); see also Kane v. Hargis, 987 F.2d

---

[2] Because Jeffers does not challenge this portion of the district court's ruling in his amended informal brief, he has forfeited appellate review of these claims. See 4th Cir. R. 34(b).

3

1005, 1008 (4th Cir. 1993) (recognizing this rule); United States v. Turner, 933 F.2d 240, 243 n.2 (4th Cir. 1991) (same).

Because Jeffers' criminal judgment would have no preclusive effect in a subsequent civil matter in a Virginia court, it can have no such effect in federal court. Accordingly, we conclude that the Virginia court's denial of Jeffers' motion to suppress does not collaterally estop him from raising a Fourth Amendment claim for damages in a § 1983 action.

We therefore vacate the district court's dismissal of Jeffers' Fourth Amendment claim and remand for further proceedings. We further vacate the dismissal of Jeffers' state law claims and remand for the district court's consideration of whether the exercise of supplemental jurisdiction would be appropriate. See 28 U.S.C. § 1367 (2012). Finally, we affirm the remainder of the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

4