# CIRCUIT COURT OF THE CITY OF NORFOLK

Kortney J. Jackson,
individually and by her mother,
guardian, and next friend,
Carolyn D. Jackson

v.

Antiniece M. Middleton,
Community Direct Services, Inc.,
and Houston Casualty Co.

April 5, 2016

Case No. CL14-104

By Judge Mary Jane Hall

This matter comes before the Court on Defendant Houston Casualty Company's (HCC) Motion for Summary Judgment, filed January 28, 2016. For the reasons that follow, this Motion is denied.

## *Background*

Plaintiffs Kortney Jackson and her mother, Carolyn Jackson, commenced this declaratory judgment action to determine whether an insurance policy issued by HCC to the home health agency that was caring for Kortney Jackson (the "HCC Policy") provides coverage for her Underlying Complaint against Defendant Community Direct Services, Inc. ("CDS"). In the Underlying Complaint, Plaintiffs seek damages for second degree burns that Kortney Jackson suffered in 2011 while in the care of CDS employee/ independent contractor Antiniece Middleton. The Complaint in the instant matter alleges vicarious liability on the part of CDS for Middleton's negligence and direct liability for CDS's negligent training and retention of Middleton. It seeks a declaration that the HCC Policy provides coverage for the claims against Middleton and CDS in the Underlying Complaint.

HCC relies on certified copies of a Grand Jury Indictment against Middleton and a Sentencing Order reciting that Middleton was found guilty of Abuse or Neglect of an Incapacitated Adult in violation of Va. Code

§ 18.2-369(A) (Exhibits B and C to Motion for Summary Judgment, filed January 28, 2016) to support its argument that the policy's Criminal Acts exclusion bars coverage for the incident. HCC asks the Court to rule that it, therefore, has no duty to indemnify and/or defend its insured for the matters described in the Underlying Complaint.

## Discussion

In its Motion for Summary Judgment, HCC contends that coverage for Plaintiffs' claim is barred by the "criminal acts" coverage exclusion contained within the HCC Policy. This exclusion provides:

> This Policy does not apply to any Claim arising out of, based upon, relating to or involving . . . [a]ny dishonest, unlawful, criminal, fraudulent, or malicious act, error or omission by an Insured, including the willful violation of any law, statute, or ordinance committed by or with knowledge of any Insured.

Mot. Summ. J., January 28, 2016, Ex. C. HCC argues that the copy of Middleton's criminal conviction, attached as Exhibit C to the Motion, shows that Plaintiffs' claim arises out of, is based upon, relates to, or involves a criminal act within the meaning of the policy language.

In Virginia, it is well-established that "a judgment of conviction . . . in a criminal prosecution does not establish in a subsequent civil action the truth of the facts on which it was rendered" and "such judgment of conviction . . . is not admissible in evidence." *Selected Risks Ins. Co. v. Dean*, 233 Va. 260, 261, 355 S.E.2d 579, 579 (1987) (quoting *Smith v. New Dixie Lines*, 201 Va. 466, 472, 111 S.E.2d 434, 438 (1959)). "The reason for the rule is that the parties in a criminal proceeding are not the same as those in a civil proceeding and there is a consequent lack of mutuality." *Smith*, 201 Va. at 472, 111 S.E.2d at 438.

The Supreme Court of Virginia has recognized only one exception to the rule requiring mutuality of parties to admit a criminal conviction to establish facts in a subsequent civil action. In *Eagle, Star & British Dominions Ins. Co. v. Heller*, 149 Va. 82, 140 S.E. 314 (1927), the insured set fire to his own property and sought coverage for the damage under his fire insurance policy. 149 Va. at 85, 140 S.E. at 315. Acknowledging that the mutuality requirement was not satisfied, the Supreme Court nonetheless held that the conviction was admissible to establish a basis for denying coverage under the policy. *Id.* at 87-89, 111-12, 140 S.E. at 315-16, 323. The Court reasoned that an exception to the mutuality requirement was warranted under those circumstances because "[t]o permit recovery under a policy of fire insurance by one who has been convicted of burning the property insured, would be to disregard the contract, be illogical, would

discredit the administration of justice, defy public policy, and shock the most unenlightened conscience." *Id.* at 111, 140 S.E. at 323.

In the years since it decided *Eagle, Star,* the Supreme Court has limited this exception to the specific facts of that case and has consistently declined to recognize any new exceptions to the mutuality requirement. *Selected Risks Ins. Co.,* 233 Va. at 265, 355 S.E.2d at 582; *Smith,* 201 Va. at 472-73, 111 S.E.2d at 439; *Aetna Cas. & Sur. Co. v. Anderson,* 200 Va. 385, 389, 105 S.E.2d 869, 872 (1958); *Rhines v. Bond,* 159 Va. 279, 284, 165 S.E. 515, 517 (1932).

The Court has not located any Virginia decision addressing whether a criminal conviction is admissible to establish that an insurance claim is based on a "criminal act" such that coverage may be denied under a criminal acts policy exclusion. In a decision that this Court finds to be the most analogous to the facts at bar, the Supreme Court of Virginia addressed whether a conviction is admissible to prove that claim is based on an "intentional act" under an intentional acts exclusion.

In *Selected Risks,* a motorist drove his truck into a woman who was standing on the sidewalk. 233 Va. at 262, 355 S.E.2d at 579. As a result, the motorist was charged criminally with maiming. *Id.* at 262, 355 S.E.2d at 580. He pleaded not guilty and was subsequently convicted of unlawful wounding, which required the Commonwealth to prove beyond a reasonable doubt that the motorist possessed the specific intent to wound the victim. *Id.* at 262, 355 S.E.2d at 579-80. The motorist's insurance policy excluded coverage for claims arising from intentional acts. *Id.* at 262, 355 S.E.2d at 580. In a declaratory judgment action to determine whether coverage was available to the victim under the policy, the insurer attempted to introduce the insured's conviction to establish that the incident was an intentional act for which coverage was barred. *Id.* The trial court held that the conviction was inadmissible and denied the insurer's motion for summary judgment. *Id.* At trial, the jury determined that the incident was *not* an intentional act under the policy and found that coverage was available to the victim under the policy. *Selected Risks,* 233 Va. at 262, 355 S.E.2d at 580.

The Supreme Court affirmed the trial court's decision, holding that the insured's criminal conviction was not admissible to establish the applicability of the intentional acts exclusion in a subsequent declaratory judgment action: "[A] judgment rendered in a criminal prosecution, whether of conviction or acquittal, does not establish in a subsequent civil action the truth of the facts on which it is rendered." *Id.* at 263, 355 S.E.2d at 582 (quoting *Aetna v. Czoka,* 200 Va. 385, 388, 105 S.E.2d 869, 872 (1958)). The Court relied upon a decision from 1958 that articulated the reasons for this rule: "(1) The parties are different in a criminal proceeding from those in a civil action; (2) the objects of the two proceedings are different; (3) the results and procedures of the two trials are different; and (4) there is a lack of mutuality." *Id.,* at 263-64, 355 S.E.2d at 581 (quoting *Aetna,*

200 Va. at 388, 105 S.E.2d at 872). The *Aetna* decision explained further: "The reasoning is based on the old common law maxim, *res inter alios acta nocere non debet* — a transaction between two parties ought not to operate to the disadvantage of a third." *Aetna,* 200 Va. at 389, 105 S.E.2d at 872 (citations omitted).

Further, the *Selected Risks* Court specifically declined either to extend the Eagle, Star exception or recognize a new exception to the mutuality requirement:

> The urge to promote judicial economy by permitting criminal judgments to preclude determination of issues in civil cases should not override the obligation of the courts to maintain the opportunity for litigants to have their civil rights adjudicated in a forum suited for that purpose.

*Selected Risks,* 233 Va. at 265, 355 S.E.2d at 581.

This Court recognizes that *Selected Risks* involved an "intentional acts" rather than a "criminal acts" exclusion and thus is not squarely on point. Applied to this case, however, the Court finds little difference between the effect of the intentional acts exclusion in *Selected Risks* and the criminal acts exclusion in this case. Middleton's abuse or neglect of Kortney Jackson was a crime under Virginia Code § 18.2-369(A) only if it was "knowing and willful"; if it was merely negligent, there was no crime. Va. Code § 18.2-369(C). The same was true for the motorist in *Selected Risks* who was convicted of intentionally striking the victim with his truck; and the Supreme Court of Virginia clearly required that the fact-finder in the declaratory judgment action make its own determination about the insured's actions and whether an exclusion applied without reference to the decision rendered in a prior criminal trial.

HCC attempts to distinguish *Selected Risks* by emphasizing that it does not seek to introduce the conviction to prove any element of Middleton's offense, such as intent, or to prove "the truth of the facts on which Ms. Middleton's was founded." Reply Br. at 4. Rather, HCC argues that it is merely seeking to show that, under any view of the facts, the claim for damages in the underlying complaint "arises out of, is based upon, relates to, or involves any dishonest, criminal, fraudulent, or malicious act, error, or omission by any Insured." *Id.* (citing Mot. Summ. J. Ex. D at 16).

The Complaint does not plead that Middleton committed a criminal act; it pleads that she was negligent and that CDS is vicariously liable for her negligence and directly liable for its own negligent training and retention of Middleton. HCC argues:

> Neither Virginia law, nor the fact that Plaintiffs "liberally sprinkled the word negligence" in their underlying complaint prevents this Court from making the common

sense determination, based upon undisputed facts, that the claim submitted for coverage "aris[es] out of, [is] based upon, relat[es] to, [and] involv[es]" the criminal acts of Ms. Middleton.

Reply Brief in Further Support of Motion for Summary Judgment, filed March 18, 2016, at 1-2.

This Court, however, has been presented with no undisputed facts regarding Ms. Middleton's actions; it has only a certified copy of a conviction order that was entered following a trial in which neither Plaintiffs nor CDS had an opportunity to participate. As the *Selected Risks* Court observed, if the criminal proceedings had resulted in the charges being dismissed, HCC would not be foreclosed from attempting to prove in the subsequent declaratory judgment action that the insured's conduct was criminal and barred by the exclusion.

The Court recognizes that the Supreme Court of Virginia could determine that a criminal acts exclusion deserves different treatment from an intentional acts exclusion and might be established as a matter of law upon a showing that an insured has been criminally convicted for the conduct at issue. Other courts in other jurisdictions have reached that very result.

For example, in *New Mexico Physicians Mutual Liability Co. v. Sylvester*, 116 N.M. 92, 860 P.2d 734 (1993), the Supreme Court of New Mexico acknowledged its common law rule, articulated in a decision called *Gray v. Grayson*, that proof of conviction of criminal charges is inadmissible in the trial of a subsequent civil action for tort arising out of the same act. 116 N.M. at 100, 860 P.2d at 742. The Court held, however, that the rule did not apply in a coverage action involving a criminal acts exclusion:

> *Gray v. Grayson* is not applicable because [the insured's] conviction was not admitted to prove his negligence. Rather, the conviction was admitted for the limited purpose of proving that [the insured's] alleged misconduct constituted "criminal acts" within the criminal acts exclusions of his insurance policies. *Gray v. Grayson* does not prevent the use of evidence of conviction to aid this type of contract interpretation.

*Id.*

Likewise, the Appellate Division of the New Jersey Superior Court determined that a criminal conviction had preclusive effect in a subsequent coverage case involving a policy with a criminal acts exclusion. In *Allstate Ins. Co. v. Schmitt*, 238 N.J. Super. 619, 570 A.2d 488 (1990), the Court prohibited any relitigation in the coverage action of the criminality of insured's actions:

> [T]he fact of his guilt of the crime should not be retried. A judgment of conviction is conclusive evidence of the insured's guilt. No independent examination of the underlying fact should be undertaken in order to ascertain his guilt of the crime. Although a conviction may or may not be conclusive evidence of the underlying facts, it is to be accorded preclusive effect with respect to the insured's commission of the crime.

238 N.J. Super. at 633, 570 A.2d at 495.

To the same effect, a Superior Court of Connecticut allowed evidence of an insured's conviction for criminal assault in a subsequent declaratory judgment action involving a criminal acts exclusion: "The fact of the conviction has a collateral legal consequence on the enforcement of the policy exclusion. For purposes of the exclusion, the conviction cannot be disregarded as if it did not happen. It did happen, and in so happening triggered the exclusion." *Allstate Ins. Co. v. Simansky*, 45 Conn. Supp. 623, 629, 738 A.2d 231, 235 (1998).

HCC's argument that it seeks to introduce the conviction order only to establish the fact of a criminal adjudication and not any fact about Middleton's actions, is not unpersuasive. Middleton has apparently been convicted of a felony arising out of the incident at issue. This Court, nonetheless, finds no support under the controlling case law to admit the conviction order into evidence to prove the applicability of the exclusion.

Other than the lone exception recognized in *Eagle, Star*, which the Supreme Court declined to apply in *Selected Risks*, the Supreme Court has uniformly held that a criminal conviction is only admissible in a subsequent civil action if there is mutuality of parties. In view of the decision in *Selected Risks* and the Supreme Court's continuous adherence to the mutuality requirement, the Court declines to create a new exception to the mutuality rule where none has been previously recognized. Accordingly, the Court concludes that Middleton's conviction would be admissible for the desired purpose only if there is mutuality of parties with respect to her criminal prosecution and the case at bar.

HCC, CDS, and Plaintiffs were not parties to Middleton's criminal prosecution and are not in privity with either Middleton or the Commonwealth of Virginia. The Court holds that Middleton's conviction is inadmissible to establish as a matter of fact that she engaged in a "criminal act" for which coverage would be barred under the criminal acts exclusion. HCC has the burden of proving at trial that Middleton's actions were criminal and not merely negligent.

Further, the Court holds that HCC has not met its burden of showing that Plaintiffs' direct claims against CDS for negligent training and retention of Middleton arise out of or relate to any criminal act.

Rule 3:20 requires the moving party to show from the pleadings and the admissions that it is entitled to judgment as a matter of law. In Virginia,

summary judgment "shall not be entered if any material fact is genuinely in dispute." Va. Sup. Ct. R. 3:20. As previously noted, HCC relies entirely upon evidence of Middleton's conviction to demonstrate the applicability of the exclusion without reference to the pleadings and the admissions in the proceeding. As this Court concludes that this evidence is inadmissible, the motion must be overruled.

## Conclusion

The Court holds that Middleton's September 2012 criminal conviction is not admissible to prove that her actions connected to Plaintiffs' claims were "criminal acts" under the criminal acts exclusion contained in the HCC Policy. The Court further holds that HCC has not established that Plaintiffs' direct claims against CDS are barred by the criminal acts exclusion. Accordingly, HCC's Motion for Summary Judgment is denied.